BUTLER COUNTY, APPELLANT, V. CHICAGO & NORTHWESTERN RAILWAY COMPANY, APPELLEE.

FILED JANUARY 2, 1936. No. 29459.

*J. C. Hranac* and *Ray E. Sabata,* for appellant.

*Wymer Dressler, Robert D. Neely* and *Hugo J. Lutz,* contra.

Heard before GOSS, C. J., ROSE and PAINE, JJ., and REDICK and KROGER, District Judges.

GOSS, C. J.

After a full hearing, the state railway commission dismissed the complaint of the county of Butler against the Chicago & Northwestern Railway Company. The county appealed.

The company for years had maintained an underpass where its railroad crossed a public road. The complaint alleges the overhead railroad bridge obstructs the view of drivers of vehicles approaching it, that the lateral clearance between its supporting piers is so narrow that two vehicles cannot safely pass each other thereunder, that the

piers obstruct the drainage of surface water in its course along the sides of the highway, that about 50 feet east of the underpass is a private driveway leading into a farm-yard, and that it is impossible for a driver going down the west slope of the highway to see a vehicle about to enter the highway from the driveway. Complainant prayed for an order directing defendant to abate the nuisance at once and to widen, at defendant's expense, the lateral clearance of the supporting piers so that there would be at least 28 feet between them.

Testimony of witnesses was taken upon the hearing, and the commission, in company with the county supervisors, county attorney and officers of the railroad company, per-sonally viewed the underpass and its surroundings; also, at the request of complainant, the commission secured "the width of the underpass on federal highway No. 16 under the Union Pacific Railroad on West Center street, west of Omaha, between Wahoo and Omaha. This was obtained and it was found to be 18 feet. This underpass * * * is on a slight angle to the highway so that the view from either side of the highway is considerably narrower than the view to be obtained on the underpass in question;" that is, in this suit. The words above quoted were a part of the finding of the commission.

The evidence shows that the road on which the underpass complained of was located was neither a federal road nor a state road; it was approximately in the center of a valley and approached by a straight road, visible and dropping down the valley to it, for about 1,500 feet both from the west and the east; the road had not long been graded and it had been graveled for the first time shortly before the trial; the underpass had a lateral clearance of 17 feet and 3 inches, compared with 18 feet lateral clearance of the un-derpass on federal highway No. 16, which the commission was asked to consider. The underpass in suit is used by few people compared with that of No. 16; photographs in evidence show a sufficiently long view of the road, when approaching the underpass, to protect any one driving with

due care, and show that two vehicles so driven could easily pass at the point in question. The evidence shows that there was no danger of collision of a car on the highway and one coming out of the private driveway, 120 feet from the underpass, if both were being driven with due care.

The underpass was first built in 1913. In 1927 new creosote-treated piles were put in. It would cost approximately $4,500 to build an underpass with 28 feet clearance.

The railway commission heard and considered all the evidence and dismissed the complaint on the following conditions: That the railway company place red prism reflectors not less than 16 inches square on the piling on each side of the railroad on the right-hand side nearest the roadway, and suggested (as it had no power to order) that the county erect signs reading "Slow" and "Narrow Underpass" on the right-hand side of the road 300 feet east and 300 feet west.

The Nebraska state railway commission has jurisdiction over all crossings of highways outside of incorporated villages, towns and cities, across, over or under all railroads in Nebraska, and shall make such rules and regulations for the construction, repair and maintenance thereof as the commission shall deem adequate and sufficient for the protection and necessity of the public. Comp. St. 1929, sec. 75-220.

We find the order of the commission to be in accord with the evidence and the law. No abuse of the discretion granted by the legislature to the commission appears on the record.

The order of the commission is

AFFIRMED.